Michael H. Trenholm (Bar No. 163,291)
mike.trenholm@knobbe.com
David G. Jankowski (Bar No. 205,634)
david.jankowski@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA  92614
Telephone:  949-760-0404
Facsimile:  949-760-9502

Attorneys for Plaintiff and Counterdefendant
BEAUTY 21 COSMETICS, INC.

[*Attorneys for Defendant and Counterclaimant 24K COSMETICS INC. list on the following page*]

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| BEAUTY 21 COSMETICS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>24K COSMETICS INC., a New Jersey corporation;<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No.<br>5:17-CV-783 ODW(KKx)<br><br>**STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER**<br><br>Hon. Otis D. Wright, II<br><br>Hon. Magistrate Kenly Kiya Kato |

Danielle M. Defilippis (admitted *pro hac vice*)
dmdefilippis@nmmlaw.com
NORRIS, MCLAUGHLIN and MARCUS, P.A.
875 Third Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 808-0700
Facsimile: (212) 808-0844

Russell I. Glazer (SBN 166,198)
rglazer@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone: (310) 553-4441
Facsimile: (310) 201-4746

Attorneys for Defendant and Counterclaimant
24K COSMETICS INC.

# STIPULATED PROTECTIVE ORDER

## 1. INTRODUCTION

## PURPOSES AND LIMITATIONS

1.1 Plaintiff BEAUTY 21 COSMETICS, INC. ("Plaintiff") and Defendant 24K COSMETICS INC. ("Defendant") agree that disclosure and discovery activity in the above-captioned lawsuit are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## GOOD CAUSE STATEMENT

1.2 Plaintiff and Defendant (collectively, the "Parties," or singularly, a "Party") respectfully believe that good cause exists to enter the instant Protective Order in order to protect from public disclosure sensitive product information trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information relating to cosmetics and, in particular, concealer products, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary

materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it should not be part of the public record in this case.

IT IS HEREBY STIPULATED and agreed by and between Counsel for the Parties that the terms and conditions of this Stipulated Protective Order shall be entered as follows:

**2. <u>DEFINITIONS</u>**

2.1 The term "Action" shall mean this pending federal lawsuit.

2.2 The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, hearing testimony, deposition testimony, and

transcripts of trial testimony, hearings, depositions and expert reports, including data, summaries, and compilations derived therefrom that is deemed to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" in accordance with Paragraph 7, by any Party or third party to which it belongs. The phrases "ATTORNEY EYES ONLY" or "AEO" shall have the same meaning as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

2.4 The term "Counsel" shall include outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms: KNOBBE, MARTENS, OLSON & BEAR, LLP and NORRIS MCLAUGHLIN & MARCUS, P.A., and TROYGOULD LLP.

2.5 The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" in accordance with the provisions of this order.

2.6 The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel to serve as an expert witness or as a consultant in this Action.

2.7 The term "Disclosure or Discovery Material" shall include all deposition testimony, all transcripts and other written or oral recordings of deposition or pre-trial or trial testimony, all answers, documents, and other discovery materials produced in response to notices of depositions, interrogatories, requests for admissions, requests for documents, or subpoenas in this Action, as well as all information thereby disclosed or communicated, all copies and summaries thereof, and all references thereto.

2.8 The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; e-mail messages; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing;

minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

2.9  The term "Non-Party" shall mean a any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10  The term "Party" shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs).

2.11  The term "Producing Party" shall mean a Party or Non-Party that produces discovery material in this Action.

2.12  The term "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13  The term "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY."

2.14  The term "Receiving Party" shall mean a Party that receives discovery material

3. **SCOPE**

3.1  The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or

compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

4.1    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.3	If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.4	<u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.5	Each Party or Non-Party that produces or discloses any materials, discovery materials or information that the Producing Party or Non-Party reasonably believes in good faith should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," as follows:

    a.	Designation as "CONFIDENTIAL":  Any Party or witness may designate information as "CONFIDENTIAL" only if, in the reasonable and good faith belief of such Party or witness and its counsel that such material or discovery material is properly entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the information is of the following type:  (i) a trade secret entitled to protection under the Uniform Trade Secrets Act, as adopted in California; (ii) technical, financial, business, or marketing information that the disclosing Party reasonably believes would cause competitive harm to the disclosing Party if it were publicly disclosed; or (iii) information that the disclosing Party has independently agreed in the ordinary course of business to maintain in confidence for the benefit of a third party.

    b.	Designation as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY":  Any Party or witness may designate information as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the

reasonable and good faith belief of such Party or witness and its counsel that such material or discovery material is properly entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and the information: (i) is of any of the types of information identified herein under the definition for designation of information as "CONFIDENTIAL"; and (ii) relates to certain financial, pricing, cost, licensing, supplier, distributor, vendor, marketing, business strategy, sales, customer, employment, engineering, development, and/or technical information that is particularly sensitive and/or of immediate competitive significance.

5.6   Designation in conformity with this Order requires:

(a)   For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY) to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protection portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified

documents, the Producing Party must affix the legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material of record, the deposition or portions thereof shall be designated as containing Protected Material subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a Party may designate portions of depositions as containing Protected Material after transcription of the proceedings; a Party shall have until fourteen (14) calendar days after receipt of the deposition transcript to inform the other Party or Parties to the Action of the portions of the transcript, by page and line, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY"; the Parties shall automatically treat all such testimony as "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" until the expiration of fourteen (14) calendar days after the mailing (via overnight mail) to Counsel of the transcript of the testimony; confidentiality is thereafter waived as to any such testimony, or any portion thereof, as to which no confidentiality designation has been made at the time the testimony is given or during the 14-day period, unless otherwise stipulated or ordered by the Court.

Deposition testimony or exhibits designated as Confidential Information shall be transcribed and bound separately and marked with the designated confidentiality legend at the request of the Designating Party, and access thereto shall be limited pursuant to the other terms of this Protective Order.

The originals of the deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the Party noticing the deposition shall be responsible for preparing and distributing to all Parties bound versions of (i) a redacted transcript, with all Confidential Information removed; (ii) excerpts of all "CONFIDENTIAL" testimony, and (iii) excerpts of all "HIGHLY CONFIDENTIAL - FOR COUNSEL ONLY" testimony.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend (CONFIDENTIAL or HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY). If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the

5.7 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution through strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

6.3 <u>Burden</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Protected Material</u>.

7.3 Unless otherwise ordered by the Court or permitted in writing by the Designated Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) The Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

    (b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or deposition exhibits that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4 Unless otherwise ordered by the Court or permitted in writing by the Designated Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" only to:

(a) The Receiving Party's Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters and their staff;

(e) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or deposition exhibits that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENED OR ORDERED PRODUCED IN ANOTHER PROCEEDING

8.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material, that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or Court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION

9.1 The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such

information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's protected material, then the Party shall:

> (a) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;
>
> (b) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and
>
> (c) Make the information requested available for inspection by the Non-Party, if requested.

9.3 If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

/ / /

/ / /

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 The inadvertent disclosure of privileged or work product protected material shall not constitute a waiver of privilege as between the Parties or any other third party. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the agreement is incorporated herein.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a Court order <u>authorizing</u> the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13. **FINAL DISPOSITION**

13.1 After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.1 Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

14.2 This Order may be modified by agreement of the Parties, subject to approval by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 29, 2017   By: */s/ David G. Jankowski*
    Michael H. Trenholm
    David G. Jankowski
    Knobbe, Martens, Olson & Bear, LLP

    Attorneys for Plaintiff and Counterdefendant
    BEAUTY 21 COSMETICS, INC.

Dated: September 29, 2017   By: */s/ Danielle M. DeFilippis (with permission)*
    Danielle M. DeFilippis
    Norris, McLaughlin and Marcus, P.A.
    Russell I. Glazer
    TroyGould PC

    Attorneys for Defendant and Counterclaimant
    24K COSMETICS INC.

**IT IS SO ORDERED.**

Dated: October 2, 2017

Honorable Kenly Kiya Kato
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Beauty 21 Cosmetics, Inc. v. 24K Cosmetics Inc.,* Case No. 5:17-cv-00783-ODW (KKx).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent of service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____